**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10423 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00046-TLN-1 |
| v. | |
| SERGIO ROMAN BARRIENTOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Sergio Roman Barrientos appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court assumed that Barrientos's medical conditions and the risks posed by COVID-19 constituted "extraordinary and compelling" reasons for release, but denied the motion after weighing the 18 U.S.C. § 3553(a) factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court may deny a compassionate release motion under § 3553(a) without first making a final determination as to whether defendant has established extraordinary and compelling reasons).[1] Barrientos contends that the district court abused its discretion in its § 3553(a) analysis. The record shows that the district court considered Barrientos's arguments for release, but reasonably concluded they were outweighed by the seriousness of Barrientos's "sophisticated, egregious" fraud scheme, the fact he had served only 23 months of a 168-month sentence, and the prison's ability to care for his medical needs. Contrary to Barrientos's contention that the district court treated his low-end Guidelines sentence as a bar to relief, the court concluded that several of his mitigating circumstances – age, medical conditions, lack of criminal history – were already accounted for in that sentence. In light of the deference owed to this discretionary decision, we cannot conclude the district court abused its discretion. *See Keller*, 2 F.4th at 1284; *see also United*

---

[1] Because the district court relied on the § 3553(a) factors to deny Barrientos's motion, we need not address his argument that the district court applied a more restrictive definition of "extraordinary and compelling" reasons than the one recognized in *Aruda*.

20-10423

*States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, the court did not rely on any clearly erroneous findings. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010).

**AFFIRMED.**